Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1170 | **DATE** | 10/28/2003 |
| **CASE TITLE** | Van Ru Credit Corp. vs. Professional Brokerage, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. Defendants' motion to dismiss is denied and defendants' motion to transfer venue is granted. This case is hereby transferred to the Southern District of Iowa.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 29 2003 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | 03 OCT 28 PM 3:25 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VAN RU CREDIT CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 03 C 1170 |
| ) | Judge George M. Marovich |
| PROFESSIONAL BROKERAGE ) | |
| CONSULTANTS, INC. d/b/a ) | |
| AMERICAN ADMINISTRATORS ) | |
| and FRANK DEMARCO, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff Van Ru Credit Corp. ("Van Ru") filed a six-count Complaint against Professional Brokerage Consultants, Inc. d/b/a American Administrators ("AA") and Frank DeMarco ("DeMarco") (collectively "Defendants"), alleging that AA, along with DeMarco, in anticipation of its termination as Van Ru's third-party administrator, engaged in numerous wrongful acts in violation of both their contract and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"). Defendants have moved to dismiss this Complaint for lack of personal jurisdiction, or in the alternative, to transfer venue to Iowa pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the Court denies Defendants' motion to dismiss and grants Defendants' motion for change of venue.

BACKGROUND

Unless otherwise noted, the following facts are not in dispute. Van Ru is a national collection agency incorporated in

Illinois with its home office in Park Ridge, Illinois. Van Ru has branch offices in Wisconsin, Arizona and Florida and has approximately 900 employees. Professional Brokerage Consultants, Inc. does business under the name American Administrator and is a third-party administrator of health insurance plans. AA's principal place of business is in West Des Moines, Iowa. Frank DeMarco is the president and owner of AA and is a citizen of Iowa.

AA acted as a third-party administrator ("TPA") of a group health insurance benefit plans for Van Ru for approximately thirteen years. On January 1, 2002, Van Ru and AA entered into another contract extending AA's role as the TPA for another year. However, in late 2002, it is alleged by Van Ru that AA became aware that Van Ru was considering other more cost-effective services available to replace AA as its TPA. On January 28, 2003, Van Ru sent AA its written notice of termination of their contract, effective February 28, 2003. However, AA was delinquent in paying AA for its services and on February 5, 2003, sent Van Ru a "notice to cure" letter giving Van Ru until February 18, 2003 to correct its breaches. Van Ru brought this Complaint on February 18, 2003.

## DISCUSSION

I. Standard for a Motion to Dismiss

When considering a motion to dismiss, a court must view the complaint's allegations in the light most favorable to the plaintiff, and all well-pleaded facts in the complaint must be accepted as true. Wilson v. Formigoni, 42 F.3d 1060, 1062 (7th

Cir. 1994). To withstand a motion to dismiss, a complaint must allege facts which sufficiently set forth the essential elements of the cause of action. Gray v. County of Dane, 854 F.2d 179, 182 (7th Cir. 1988). Dismissal is proper only if it appears beyond a doubt that a plaintiff can prove no set of facts in support of a claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

II. Personal Jurisdiction

AA contends that DeMarco should be dismissed from this cause of action for lack of personal jurisdiction. Specifically, Defendants assert that the "fiduciary shield" protects DeMarco from service in Illinois. Alternatively, Defendants claim that Van Ru's ERISA claim are not "minimally viable" and as a result, do not confer personal jurisdiction.

ERISA allows service of "process . . . in any other district where a defendant resides or may be found." Employee Retirement Income Security Act of 1974, § 1132(e)(2). "When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction." Fed. R. Civ. P. 4(k)(1)(D); Waeltz v. Delta Pilots Retirement Plan, 301 F.3d 804, 808 n.3 (7th Cir. 2002).

Moreover, nationwide service of process, provided by statute, is proper so "long as defendants have adequate contacts with the United States as a whole". Board of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc., 212 F.3d 1031, 1035 (7th Cir. 2000). "Thus, any district court in which a plaintiff brings an action under Title I of ERISA will

have personal jurisdiction over the defendant, if the defendant is properly served under § 1132(e)(2) and has sufficient contacts with the United States." Waeltz, 301 F.3d at 808 fn. 3 (7th Cir. 2002). Therefore, under this statute, because DeMarco: has been named as a defendant in the Complaint alleging liability based on violations of ERISA; was served where he resides or is found; has adequate contacts with the United States as a whole, DeMarco was properly served and this Court has personal jurisdiction over DeMarco.

Defendants argues that personal jurisdiction is not proper because Van Ru's ERISA claims are not "minimally viable" to support personal jurisdiction over DeMarco. "Allegations must meet the very low threshold of 'minimally viable'--which requires only that the allegations not be 'patently without merit'--to support jurisdiction." Torco Oil Co. v. Innovative Thermal Corp., No. 88 C 7323, 1989 WL 165057, at *9 (N.D. Ill. Dec. 28, 1989). After reviewing the Complaint, the Court finds that Van Ru has met its low burden of demonstrating that the ERISA claims are "minimally viable" as against DeMarco and were not created in an attempt to simply gain federal jurisdiction over DeMarco.

In addition, Defendants argue that the "fiduciary shield" protects DeMarco from service in Illinois with respect to Count III, which alleges fraud. The fiduciary shield doctrine provides that those persons who enter a state solely as a fiduciary for another may not be sued in that state. ISI Intern, Inc. v. Borden Ladner Gervais LLP, 256 F.3d 548, 550 (7th Cir. 2001). However, there are two exceptions to this doctrine: "(1) the

shield is removed if the individual's personal interests motivated his actions, and (2) the shield generally does not apply when the individual's actions are discretionary." Consumer Benefit Svcs., Inc. v. Encore Marketing Int'l, Inc., No. 01 C 6985, 2002 WL 31427021, at *3 (N.D. Ill. Oct. 30, 2002)(quoting Jones v. Sabis Educ. Sys., Inc., 52 F. Supp. 2d 868, 883 (N.D. Ill. 1999)). Van Ru has alleged that DeMarco's contacts with Van Ru in Illinois were motivated by his personal interests and that DeMarco's conduct was committed with complete discretion. Defendants deny this. However, for purposes of a motion to dismiss, all reasonable factual inferences must be drawn in favor of the party opposing the motion, i.e. the plaintiff in this case. Rubacha by Rubacha v. Coler, 607 F.Supp. 477, 478 (N.D. Ill. 1985)(citing Wolfolk v. Rivera, 729 F.2d 1114, 1116 (7th Cir. 1984). Therefore, DeMarco is not protected under the fiduciary shield doctrine from service in Illinois to establish personal jurisdiction.

III. Venue

Pursuant to 28 U.S.C. 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Raddenbach v. Soo Line R.R. Co., No. 99 C 2588, 1999 WL 984393, *1 (N.D. Ill. Oct. 25, 1999). Thus, there are three factors the Court must apply in determining this motion to transfer: (1) whether venue is proper in both the transferor and transferee courts; (2) whether transfer is for the convenience of parties and witnesses; and (3)

whether transfer is in the interest of justice. Id. It is within the sole discretion of the judge to determine the weight accorded to each factor. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219 (7th Cir. 1986).

   A.   Venue in the Transferor and Transferee Courts

Here, federal jurisdiction is alleged on the basis of Section 502(e) of ERISA, as well as, diversity of citizenship. Where jurisdiction is based upon diversity of citizenship, venue is proper in a judicial district: (1) where all plaintiffs or all defendants reside; or (2) in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. 1391(a); Midwest Precision Services Inc. v. PTM Industries Corp., 574 F. Supp. 657, 659 (C.D. Ill. 1983).

For a corporation, venue is proper in its state of incorporation, in any state which it is licensed to do business, and in any state where it is doing business. 28 U.S.C. 1391(c). Van Ru is an Illinois corporation with its principal place of business in Illinois. AA is an Iowa corporation, with its principal place of business in West Des Moines, Iowa. Frank DeMarco is a resident and citizen of Iowa. The events giving rise to this claim occurred in both Illinois and Iowa. Therefore, venue is proper in both the transferor court (Northern District of Illinois) and in the transferee court (Southern District of Iowa).

Moreover, under ERISA, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. §

6

1132(e)(2). The plan was administered in Illinois; the breach occurred in Iowa; and the defendants resides in Iowa. Therefore, under ERISA, venue is also proper in either the Northern District of Illinois or the Southern District of Iowa.

B. Convenience of the Parties and Witnesses

Next, this Court considers the effect that transferring this matter would have on the convenience of the parties and the witnesses. When weighing the conveniences, the court should consider five factors: (1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease of access to sources of proof, (4) the convenience of the parties, and (5) the convenience of the witnesses. Amoco v. Mobil, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000). Also, the movant bears the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient. Raddenbach, at *1.

1. Plaintiff's Choice of Forum

Generally, the plaintiff's choice of forum is entitled to substantial weight, especially when it is a plaintiff's home forum. Sky Valley Ltd. Partnership v. ATX Sky Valley, Ltd., 776 F. Supp. 1271, 1276 (N.D. Ill. 1991). "However, the weight given to a plaintiff's choice of forum is lessened if the chosen forum has relatively weak connections with the operative facts giving rise to the claim." Von Holdt v. Husky Injection Molding Systems, Ltd., 887 F. Supp. 185,188 (N.D. Ill. 1995). Here, since the Northern District of Illinois is the plaintiff's choice of forum and also its home forum, this factor weighs against transfer.

7

2. Situs of the Material Events

This Court also must determine the situs of the material events that give rise to this cause of action. Van Ru contends that the situs of the material events is largely in Illinois because most of Van Ru's employees whose benefits have been affected by AA's conduct are in Illinois; all meetings discussing implementation of the Plan occurred in Illinois at Van Ru's headquarters; the plan was administered in Illinois; and none of the Plan beneficiaries or health care providers are located in Iowa.

AA, on the other hand, contends that the situs of the material events should be considered Iowa because all of the alleged wrongdoing by AA was based upon the Plan administration tasks performed in Iowa. These tasks included adjudication of claims, customer service, eligibility verification for providers, preferred provider contract fee payment, drug vendor contract fee distribution and negotiation, billing, explanations of benefit statements, issuance of checks, reconciliation of claim payments, bank account deposits and reconciliation, premium payments, preparation of 1099s and administrative support.

Although, a substantial number of events can be said to have taken place in both Illinois and Iowa, because most of the events leading up to the complaint were performed in Iowa, this factor tips in favor of transfer to Iowa.

3. Ease of Access to Sources of Proof

Van Ru contends that both parties have equal access to proof whether in Illinois or Iowa. Van Ru explains that there are many

8

employee and third-party witnesses in Illinois and the surrounding areas, whose testimony will be needed in relation to requests not honored by AA and that if this case was transferred to Iowa, the testimony of these witnesses will have to be taken by deposition. Moreover, although Van Ru concedes that AA will have a lot of documents that will need to be produced, Van Ru states that this will actually be a burden on Van Ru, and not AA, because these documents will merely be available for inspection and copying in Iowa. Van Ru points out that they also have a lot of documents relating to this case in Illinois as well.

On the other hand, AA states that there are going to be many employee witnesses whose testimony will be necessary who are in Iowa and that the key documents, such as those listed previously, are in Iowa. The Court finds at this stage, it appears that there are more material sources of proof overall located in Iowa, rather than Illinois, and therefore, this factor weighs in favor of transferring venue to Iowa.

### 4. Convenience of the Parties

Van Ru has 900 employees in four states. However, AA only has 20 employees located in one office in Iowa. If venue is not transferred, AA will have to bear the expense of possibly trying this case in Illinois which will no doubt be a financial hardship and inconvenience because of its comparative size. Although, there is no doubt that both parties are going to be inconvenienced in this case, Van Ru appears to be in a better position to bear the burden of litigating in a foreign state. Specifically, if this case goes to trial, Van Ru has better

resources so as to bring any material witnesses or documents to avoid possibly halting business, which might be the case for AA. Therefore, this factor weighs in favor of transferring this case to Iowa.

    E.    <u>Convenience of the Witnesses</u>

"The party seeking transfer must clearly specify the key witnesses to be called and make a general statement of their testimony." <u>Chemical Waste Management, Inc. v. Sims</u>, 870 F. Supp. 870, 877 (N.D. Ill. 1994). A court does not look to which party has the longest witness list, but rather the nature and quality of the witnesses' testimony with respect to the case. <u>Id.</u> at 876. Van Ru identifies such key witnesses, such as: the plan trustee; the new TPA; Van Ru employees; and third party witnesses. AA, on the other hand, identifies such key witnesses, such as: Frank DeMarco, AA's COO; DeLana Anderson, AA' President; Michelle Crowin, AA's Director of Operations; Pam Blackburn, AA' Chief Accountant; and additional listed AA employees with knowledge. Because it appears that there are a number of key witnesses in both Illinois and Iowa, this factor does not weigh in favor or against transfer.

VI.    <u>Interest of Justice</u>

In addition to considering private interests of the parties and witnesses, this Court must also evaluate the interests of justice. These public interests include: (1) relation of the community to the issue in the litigation; (2) the court's familiarity with the applicable law; and (3) the relative docket congestion of the courts. <u>Raddenbach</u>, at *2.

10

Here it appears that there is no community with the strongest connection to the issue litigated. Thus, this factor is does not weigh in favor or against transferring the case.

Next, the Court considers the court's familiarity with the applicable law. The contract which governed the services that AA was to provide states that Iowa law shall govern all issues involving the interpretation of the contract. However, Van Ru points out that although this applies to the breach of contract claims, Illinois law will apply to Van Ru's breach of fiduciary duty and fraud claims and federal Seventh Circuit law will apply to Van Ru's three ERISA counts. Therefore, this factor does not weigh in favor or against transferring the case.

Finally, this Court looks to the docket congestion of both the Northern District of Illinois and the Southern District of Iowa. The most recent statistics regarding judicial caseload indicate the Northern District of Illinois had 459 civil filings, with the median time from filing to disposition 5.5 months and from filing to trial 26 months. Meanwhile, the Southern District of Iowa had 309 civil filings, with the median time from filing to disposition 11.6 months and from filing to trial 26 months. (Statistics Div., Admin. Office of the U.S. Courts, 2002 Fed. Ct. Mgmt. Stat. 101, 161 (2003)) Based on these statistics, although Southern District of Iowa has a lower caseload overall, the time for a case to proceed to trial is the same as in the Northern District of Illinois and may be disposed of on motion more quickly in the Northern District of Illinois. Therefore, these

statistics do not weigh in favor of either the transferor or transferee court.

Because the overall factors weighed in favor of transferring the case to the Southern District of Iowa, the Court finds that AA has established its burden.

## Conclusion

For the reasons set forth above, Defendants' motion to dismiss is denied and Defendants' motion to transfer venue is granted.

ENTER:

George M. Marovich
United States District Judge

DATED: Oct. 28, 2003